**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evan McCarrick Jerald,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Christopher Nanos, et al.,<br><br>　　　　　Defendants. | No. CV-24-00363-TUC-CKJ<br><br>**ORDER** |

The Plaintiff seeks a 60-day extension of time to file a substitution of parties for the Doe defendants named in the Complaint. In the screening Order, issued by the Court on September 6, 2024, Plaintiff was given 120 days to file the substitutions. Unfortunately, the Clerk of the Court sent only one service packet to the Plaintiff which resulted in significant delay in serving the Defendants and correspondingly delayed the appearance and responsive pleading from any Defendant, and discovery by Plaintiff of the identities of the named Doe Defendants. On January 7, 2024, Plaintiff served a Request for Production of Documents that includes requests to discern the identity of the Doe Defendants. As noted by Plaintiff, Rule 34(b)(2) affords the Defendants attorney 30 days to respond. Plaintiff asks for 60 days to compensate for anticipated delays.

Additionally, the record reflects that service has now been made on most of the Defendants, who have waived personal service, making responsive pleadings or motions due sometime in the first half of February 2024. As of yet, no Defendant has appeared in the case and discovery, including the Request for Production of Documents, is premature.

Therefore, even the requested 60-day extension of time will be insufficient for Plaintiff to obtain the information he needs to determine the names of the Doe Defendant and file substitutions. The Court, therefore, directs Defendants' attorney to simultaneously with filing responsive pleadings or motions to Plaintiff's Complaint, she shall also provide the names, job titles, and identification numbers to the extent possible for all Pima County Adult Detention Center (PCADC) employees who participated in moving Plaintiff within the confines of the detention facility after the disciplinary infraction occurring on or about August 25, 2023, (Order (Doc. 8) at 5 (Does 1 and 2); who transported Plaintiff to the hospital on August 27, 2023, *id.* at 5-7 (Doe 3); who participated on the Administrative Segregation Committee that determination to not rescind the restrictions, subsequent to the August 29, 2023, disciplinary determination that the infraction was "unsubstantiated," *id.* at 6, 8 (Does 4-7); from the medical unit, who performed a capillary refill test on his hands and feet on April 9, 2024, and examined him the next day, *id.* at 9-10 (Roes 1-3), and the nurse who processed his intake on or about March 19, 2024. If any persons were employees of PCADC subcontractors, Defendants' attorney shall disclose any information available to Defendants for them.

**Accordingly,**

**IT IS ORDERED** that the Motion for Extension of Time to File Notice of Substitution (Doc. 29) is GRANTED.

**IT IS FURTHER ORDERED** that the Defendants' attorney shall provide the identifying information for the Doe and Roe Defendants as explained above by February 14, 2025.

**IT IS FURTHER ORDERED** that by March 3, 2025, the Plaintiff shall file a Motion for Substitution to notice the proposed named Defendant substitutions for the Doe and Roe Defendants.

/////

/////

/////

1   **IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this
2   Order to Pima County Attorney Rebecca O'Brien at the Pima County Attorney's Office,
3   32 N. Stone Ave., Tuc. AZ, 85701.
4       Dated this 16th day of January, 2025.

                                                    *[signature]*
                                       Honorable Cindy K. Jorgenson
                                       United States District Judge