1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evan McCarrick Jerald, </br></br>      Plaintiff, </br></br> vs. </br></br> Christopher Nanos, et al., </br></br>      Defendants. | No. CIV 24-363-TUC-CKJ </br></br> **ORDER** |

Non-Party NaphCare, Inc. ("NaphCare"), has filed a Request for Confirmation of Destruction of Inadvertently Disclosed Information (Doc. 114). The Request indicates NaphCare inadvertently provided Plaintiff Evan McCarrick Jerald ("Jerald") with private address information. NaphCare states it has requested Jerald destroy the documents inadvertently provided, all copies of such documents, and any records of the information contained within those documents. NaphCare requests Jerald file an affidavit with the Court "confirming that the inadvertently disclosed documents, all copies of the disclosed documents, and all records of the information contained within those documents have been destroyed." Motion (Doc. 114, p. 2). NaphCare requests assistance of the Court in correcting this inadvertent disclosure.

On November 17, 2025, this Court stated:

> [T]o protect the privacy of the defendants, the Court will direct the Custodian of Records, NaphCare Incorporated, to . . . file the protected subpoenaed documents/ information (Attachment to Subpoena, (c) and (d)) under seal in this case[.]"

November 17, 2025, Order (Doc. 107, p. 2). The Court so ordered. *Id*. Counsel for NaphCare filed the required documents/information under seal on January 13, 2026. As

reflected in the Court's November 17, 2025, Order, the Court recognizes the interests of NaphCare, as well as it employees, in restricting the private information from Jerald. *See e.g. Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) ("Having the Marshal serve the papers enables the case to proceed while holding in confidence information in which the [prison officials] have a strong interest. . . [O]nce [identifying] information has been provided, the Marshal should be able to obtain a current business address and complete service."); *Pinson v. Fed. Bureau of Prisons*, No. CV 21-0185 KWR/DLM, 2024 WL 3026566, at *4 (D.N.M. June 17, 2024) (prisoner plaintiff's "ability to obtain current addresses of the individual defendants is hindered due to security concerns posed by providing BOP employees' and former employees' addresses to inmates"). The Court finds it appropriate to direct Jerald to destroy the documents and affirm that destruction in an affidavit.[1]

Accordingly, IT IS ORDERED:

1. NaphCare's Request for Confirmation of Destruction of Inadvertently Disclosed Information (Doc. 114) is GRANTED.

2. Jerald SHALL destroy the documents inadvertently provided by NaphCare (i.e., subparts (c) and (d) Subpoena to Produce Documents, to wit: all documents provided by NaphCare which include private address information, copies of such documents, and any and all documents/records of the information contained within those documents.

3. Jerald SHALL file an affidavit or verified statement pursuant to 28 U.S.C. § 1746(2) with the Court within fourteen (14) days of the date of this Order confirming the inadvertently disclosed documents, all copies of the disclosed documents, and any and all records of the information contained within those documents have been destroyed .

4. The Clerk of Court shall ensure a copy of this Order is provided to Mandi J. Karvis, counsel for NaphCare, by either electronic notification or by mailing to the following

---

[1]Under 28 U.S.C. § 1746(2), an affidavit requirement may be met by signing, in the United States, with the following declaration: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct[,]" with the date of execution.

1   address:

2       Mandi J. Karvis
    One N. Central Avenue, Suite 860
3       Phoenix, AZ 85004
    Attorney for Non-Party NaphCare, Inc.

4   DATED this 13th day of February, 2026.

*[signature]*

Cindy K. Jorgenson
United States District Judge