**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evan McCarrick Jerald,<br>Plaintiff,<br>vs.<br>Christopher Nanos, *et al*,<br>Defendants. | No. CIV 24-363-TUC-CKJ<br>**ORDER** |

Pending before the Court is the Motion for Appointment of Counsel (Doc. 145) and Plaintiff's Request for Extension of Time to File Response to County Defendants' Request for Summary Judgment (Doc. 146) filed by Plaintiff Evan McCarrick Jerald ("Jerald").

The Court does not have the power to make a mandatory appointment of counsel, but the Court may request assistance from volunteer counsel. 28 U.S.C. § 1915(e)(1); *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir. 1986). The Court finds the Application to Proceed in Forma Pauperis previously filed in this case supports a finding that Jerald does not have the resources to hire an attorney. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 823 (9th Cir. 1991) (considering plaintiff's financial resources, efforts the plaintiff has made to obtain counsel, and the merits of plaintiff's claims in determining whether to appoint counsel). While Jerald did assert he has made efforts to seek counsel's assistance on his own in a prior filing, Motion for Extension of Time, Memorandum (Doc. 143-1, pp. 6-7). he does not make that assertion in his instant request.

In determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits and the ability of the [plaintiff] to articulate [his]

claims pro se in light of the complexity of the legal issues involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988), *quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (court may ask counsel to represent indigent litigant under § 1915 only in "exceptional circumstances").

Jerald asserts exceptional circumstances, including difficulty of accessing and reviewing evidence as discussed in the Court's August 10, 2026, Order, as well as the complexity of the litigation warrants the Court requesting the assistance of counsel.

Neither of the stated reasons constitute complexity of legal issues at this time. *See e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Rather, the Court finds that any difficulty in presenting the claims pro se is not based on the complexity of the legal and factual issues involved but rather on the difficulty of completing unfamiliar ministerial tasks and litigating *pro se*. However, the Court acknowledges part of Jerald's difficulties are in the ability to review and access evidence while in prison.

Further, Jerald has demonstrated his ability to articulate his claims by crediblly submitting his Complaint, multiple motions, and his request for an attorney, *see e.g. Jackson v. Dallas Police Dept.*, 811 F.2d 260 (5th Cir. 1986), as well as submitting other documents, and presenting issues with specificity. As summarized by another court:

> Any pro se litigant "would be better served with the assistance of counsel." Nonetheless, so long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. As noted above, because [plaintiff] successfully navigated the pleadings stage and his pro se filings, including the filing of this motion, he has demonstrated his ability to articulate his claims without an attorney.

*Garcia v. Las Vegas Metro. Police Dep't*, No. 217CV02504APGBNW, 2020 WL 3404730, at *3 (D. Nev. June 19, 2020), *citations omitted*. Jerald has not provided any information that permits the Court to conclude that Jerald is unable to present his claims if he were able to review and have access to the evidence..

Additionally, at this point, there is no basis to conclude that there is a likelihood of success on the merits. *See e.g. Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (affirming denial of request for attorney where (1) the plaintiff "demonstrated sufficient writing ability and legal knowledge to articulate his claim," and (2) "[t]he facts he alleged and the issues he raised were not of substantial complexity.").

The Court declines to seek volunteer counsel at this time. Simply put, exceptional circumstances" warranting the Court designating an attorney to assist Jerald are not present in this case at this time. *See e.g. Olmos v. Well Path*, No. CV1908036 PCTGMSJFM, 2021 WL 4962646, at *2 (D. Ariz. Oct. 26, 2021) ("the Ninth Circuit has explicitly commanded that counsel should only be appointed in "exceptional circumstances").

However, as the Court previously stated, the Court acknowledges part of Jerald's difficulties are in the alleged ability to review and access evidence while in prison. Because of these difficulties, the Court will grant Jerald's requested extension. Further, the Court finds it appropriate to directly require assistance from prison officials. As stated by another district court, the use of the All Writs Act, 28 U.S.C. § 1651(a), "is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, No. 215CV2266JAMACP, 2019 WL 11880444, at *2 (E.D. Cal. Mar. 22, 2019); *see also United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (finding the third party in that action not "so far removed from the underlying controversy that its assistance could not be permissibly compelled"). Indeed, the Act "is designed to aid the courts in the exercise of their jurisdiction." *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).

The Court will direct Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR") Litigation and Legal Support Manager Loresa Purden ("Purden")[1] to ensure electronic evidence is available to Jerald. Specifically, Purden shall ensure Jerald has access

---

[1]Court staff contacted the ADCRR Office of the General Counsel to discuss disclosure issues and ascertain a "point" person to respond to and facilitate the Court's Order.

to electronic exhibits from Defendants (*i.e.*, USB device, CD, etc.) and has printed hard-copies of mail, emails and email attachments needed as attachments as exhibits to his summary judgment response. Purden will be directed to submit a notice/report to the Court setting forth:

(1) whether electronic evidence (*e.g.*, included on a CD or USB device provided by Defendants) is available to Jerald or, if such evidence has not been made available to Jerald, when it will be available to Jerald as a result of this Order,

(2) whether evidence currently electronically viewable on a tablet/kiosk (mail, emails, affidavits) is available to Jerald for submission in hard copy format to the Court or, if such materials have not been made available to Jerald, when it will be available to Jerald as a result of this Order, and

(3) if such materials are not and will not be made available to Jerald, under ADCRR policy or otherwise, how the ADCRR, other facility officials, and Purden will ensure Jerald's right to meaningful access to the courts is ensured in this case.

*See Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds, citation omitted* (The right to access to the courts "does not require prison officials to provide affirmative assistance in the preparation of legal papers, but rather forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons.'"); *see also Griffin v. Grijalva*, 773 F. App'x 1003 (9th Cir. 2019) (limited access to legal property sufficient to state a claim for denied access to the courts). Purden will be directed to file a notice to the Court within thirty days of the date of this Order.

The extension the Court grants herein is envisioned to provide sufficient to time for the filing of the report/notice by Purden and Jerald to complete and file his response thereafter. If needed, Jerald may seek additional time and/or resubmit a motion for counsel. Additionally, should this matter proceed to trial, a trial presentation may require greater skill than Jerald has or can develop and, at that time, Jerald may resubmit a request for counsel. *See e.g., Reynolds v. Foree*, 771 F.2d 1179 (8th Cir. 1985); *Childs v. Duckworth*, 705 F.2d

915, 922 (7th Cir. 1983).

Accordingly, IT IS ORDERED:

1. The Motion for Appointment of Counsel (Doc. 145) is DENIED.

2. Plaintiff's Request for Extension of Time to File Response to County Defendants' Request for Summary Judgment (Doc. 146) is GRANTED. Jerald shall file his response on or before November 16, 2026.

3. Within thirty (30) days of the date of this Order, ADCRR Litigation and Legal Support Manager Loresa Purden shall submit a report/notice to the Court setting forth:

(1) whether electronic evidence (*e.g.*, included on a CD or USB device provided by Defendants) is available to Jerald or, if such evidence has not been made available to Jerald, when it will be available to Jerald as a result of this Order,

(2) whether evidence currently electronically viewable on a tablet/kiosk (mail, emails, affidavits) is available to Jerald for submission in hard copy format to the Court[2] or, if such materials have not been made available to Jerald, when it will be available to Jerald as a result of this Order, and

(3) if such materials are not and will not be made available to Jerald, under ADCRR policy or otherwise, how the ADCRR, other facility officials, and Purden will ensure Jerald's right to meaningful access to the courts is ensured in this case. Any such stated explanation shall include why the materials are not viewable, why the materials cannot be printed, and feasible alternative.

4. The Clerk of Court shall mail a copy of this Order to the following:

ADCRR Director Ryan Thornell
701 East Jefferson Street
Phoenix, AZ 85034

---

[2]This Order does not restrict ADCRR officials from retrieving documents from Jerald improvidently printed if he fails to use such documents as attachments to the summary judgment response. Further, the Order does not restrict ADCRR officials from retrieving documents from Jerald after the filing of the summary judgment response, i.e., after Jerald has a copy of an electronic filing of the response and its attachments.

ADCRR Litigation and Legal Support Manager Loresa Purden
ADCRR Office of the General Counsel
701 East Jefferson Street
Phoenix, AZ 85034

DATED this 15th day of September, 2026.

Cindy K. Jorgenson
United States District Judge